Per Curiam. The examination by the judge of the witness Iu'etbaum, was objectionable in respect to its time, its substance and its form. It was clearly uncalled for in advance of the cross-examination by counsel, which was then regularly in order and might well have been expected to occupy the same line of interrogation. The questions were directed to matters personal to the witness, and many of them, by their force, manifested at least a strong suspicion of his truthfulness. And since his testimony was important to the defendant, as well upon the issue made between the parties as in mitigation of damages, it was both erroneous and hurtful to discredit him before the jury by such an intimation of the opinion of the court. Lycan v. The People, 107 Ill. 428. We do not hold, as a matter of law, that the proof of an actual engagement by plaintiff to marry another, subsisting at the time of defendant’s attentions to her, will overcome the evidence of a like engagement to him furnished by those attentions, since there might be in fact a co temperan eons engagement to two or more, though it is proper to he considered by the jury as tending to overcome it, and therefore it was proper to modify the 6th instruction asked by the defendant. But the modification made, instead of correcting the error, added to it; for although the hypothesis presented by it might justify the defendant in refusing to fulfill his promise if any had been made, it would have no effect .upon the operation of the evidence referred to, as overcoming or tending to overcome the inference that might otherwise be drawn from the attentions mentioned. It was therefore not germane to the subject-matter of the instruction as asked, and if intelligible at all, was calculated to confuse the minds of the jurors. It also assumes an engagement by defendant to plaintiff, which was the principal fact in issue between the parties, and to which, as being disputed, the instruction directed—thus further showing that it was in no just sense a modification of the instruction but a departure from it. The addition to the 9th, as asked, is subject to the same criticism. The 10th, as asked, was held to be good in Barnett v. Simpkins, 24th Ill. 265, and we hold it to be so, absolutely, and unaffected by the general merits or demerits of the defendant. Its modification was therefore erroneous. For these reasons the judgment must be reversed and the cause remanded. Reversed and remanded.